UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KYOCERA AVX COMPONENTS CORPORATION,<br><br>    Defendant. | **COMPLAINT**<br><br>Civil No. 1:24-cv-305 |

The United States of America, by the authority of the Attorney General of the United States, acting on behalf of the U.S. Environmental Protection Agency (EPA), Region 2, alleges as follows:

## NATURE OF THE ACTION

1. In this action, the United States seeks, under sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) from Kyocera AVX Components Corporation (KAVX): (a) reimbursement of costs incurred by EPA for the "Operable Unit 5" response action at the Olean Wellfield Superfund Site in Olean, New York, and (b) performance by KAVX of the Operable Unit 5 response action consistent with the National Contingency Plan, 40 C.F.R. part 300.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over KAVX under 28 U.S.C. §§ 1331 and 1345 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

3. Venue is proper in this judicial district for the claims pursuant to 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or

threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANT

4.  KAVX is a Delaware corporation. KAVX is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## THE STATUTORY FRAMEWORK

5.  CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

6.  Under section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . .

7.  For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority. In EPA Region 2, this authority has been further delegated to the Director of the Superfund and Emergency Management Division.

8.  Under section 106 of CERCLA, 42 U.S.C. § 9606:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may secure such relief as may be necessary to abate such danger or threat …

9. Under sections 107(a)(1) and (2) of CERCLA, 42 U.S.C. §§ 9607(a)(1) and (2):

> [T]he owner and operator of a vessel or a facility … and any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of … shall be liable for … all costs of removal or remedial action incurred by the United States Government or a State … not inconsistent with the national contingency plan …

10. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the court shall enter a declaratory judgment on liability for response costs that will be binding on any subsequent action or actions to recover further response costs.

## GENERAL ALLEGATIONS

11. The Site is located in the City of Olean, the Town of Olean, and the Town of Portville, New York.

12. KAVX has been since 1950 the owner and operator of a manufacturing facility that is a part of the Site. KAVX's property includes a manufacturing building at which KAVX manufactured computer chips.

13. KAVX used trichloroethylene (TCE) in connection with its manufacturing processes. KAVX disposed of this hazardous substance at its property.

14. TCE disposed of into the environment can biodegrade into other hazardous substances such as trichloroethane (TCA).

15. The Site, including the KAVX property, is contaminated with TCE and TCA.

16. EPA placed the Site on the National Interim Priorities List in October 1981 and placed the Site on the National Priorities List (NPL) in September 1983. The NPL, 40 C.F.R. Part 300, Appendix B, is a national list of hazardous waste sites posing a threat to human health

and welfare and the environment. The NPL was established under section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

17. EPA has conducted response actions and incurred costs regarding the Site. On September 27, 2023, EPA issued a "Record of Decision" which, among other things, selected a remedy to be conducted at Operable Unit 5 of the Site. Operable Unit 5 comprises a cleanup of contaminated soil at the KAVX property.

### First Claim for Relief – United States' Claim for Past Costs

18. Paragraphs 1 to 17 are realleged and incorporated herein by reference.

19. The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

20. There have been releases, within the meaning of section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances, within the meaning of section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14), at or from the Site.

21. The United States has incurred costs of response, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Site.

22. The United States' response actions at the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

23. KAVX is liable under sections 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), as a person who is an owner or operator of the facility and as a person who owned or operated the facility at the time that hazardous substances were disposed of there.

24. Pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), KAVX is jointly and severally liable to the United States for response costs regarding the Site.

**Second Claim for Relief -- United States' Claim for Injunctive Relief**

25. Paragraphs 1 to 17 are realleged and incorporated herein by reference.

26. The President, through his delegate, the Regional Administrator of EPA Region 2, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release of hazardous substances or a threatened release of hazardous substances at and from the Site.

27. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate the danger or threat to the public health or welfare or the environment because of the actual or threatened release of a hazardous substance at the Site.

28. Pursuant to section 106(a) of CERCLA, 42 U.S.C. § 9606(a), KAVX is liable to the United States for relief, including injunctive relief, as may be necessary to abate the actual or threatened release of hazardous substances at the Site.

**PRAYER FOR RELIEF**

WHEREFORE:

a. Plaintiff the United States respectfully requests that this Court: (i) enjoin KAVX, pursuant to section 106(a) of CERCLA, 42 U.S.C. § 9606(a), jointly and severally, to perform EPA's selected remedy for Operable Unit 5 at the Site; and (ii) enter judgment in favor of the United States under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding KAVX jointly and severally liable for all response costs regarding Operable Unit 5 at the Site, including interest; (iii) enter a declaratory judgment that will be binding in any subsequent action for further response costs, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

b. Plaintiff the United States respectfully request that this Court: (i) award the United States its costs of this action; and (ii) grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOR THE UNITED STATES**:

Todd Kim
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Mark Gallagher*
Mark A. Gallagher
U.S. Department of Justice
Environmental and Natural Resources Division
Environmental Enforcement Section
Washington, DC  20044-7611
(202) 514-5405
mark.gallagher@usdoj.gov

Trini E. Ross
United States Attorney
Western District of New York

Mary K Roach
Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, NY 14202

Of Counsel:

Sharon E. Kivowitz
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway, 17th Floor
New York, NY  10007